UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALBRIDGE ALDINGER COMPANY, a
Michigan corporation,

        Plaintiff,

vs.

AON RISK SERVICES, INC. OF
PENNSYLVANIA, a/k/a AON RISK
SERVICES OF PA, a Pennsylvania
Corporation,

        Defendant.

Case No. 2:06cv11161
Hon. Robert H. Cleland

Magistrate Judge Donald A. Scheer

---

Stuart H. Teger (P31674)
HONIGMAN MILLER SCHWARTZ & COHN
660 Woodward Avenue, Suite 2290
Detroit, Michigan 48226
(313) 465-7576
Counsel for Plaintiff

John R. Trentacosta (P31856)
Mark A. Aiello (P43012)
Jenice C. Mitchell (P61511)
John P. Kuriakuz (P69654)
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
(313) 234-7100
Counsel for Defendant

Anthony J. Abate
Daniel J. DeLeo
ABEL BAND, CHARTERED
240 South Pineapple Avenue
Post Office Box 49948
Sarasota, Florida 34230
(941) 366-6660
Co-Counsel for Plaintiff

---

**PLAINTIFF'S RESPONSIVE MOTION TO DEFENDANT
AON RISK SERVICE INC. OF PENNSYLVANIA'S MOTION TO STRIKE
PLAINTIFF'S EXPERT REPORT AND ASSOCIATED BRIEF**

875416v.1

Plaintiff Walbridge Aldinger Company ("Walbridge") files this Responsive Motion to Defendant Aon Risk Service Inc. of Pennsylvania's ("Aon") Motion to Strike ("Motion to Strike") and moves this Court for an order DENYING said motion. In support of this Responsive Motion, Walbridge relies on the facts and legal standards set forth in the accompanying Brief in Opposition to Aon's Motion to strike.

Date: March 8, 2007

Respectfully submitted,

By:   /s/ Anthony J. Abate
      Anthony J. Abate
      Florida Bar No. 289558
      aabate@abelband.com
      Daniel J. DeLeo
      Florida Bar no. 014268
      ddeleo@abelband.com
      ABEL BAND, CHARTERED
      240 South Pineapple Avenue
      Sarasota, Florida 34236
      941-366-6660; 941-366-3999 - (facsimile)
      Co-Counsel for Plaintiff
         *and*
      Stuart H. Teger (P31674)
      Honigman Miller Schwartz & Cohn
      660 Woodward Avenue, Suite 2290
      Detroit, Michigan 48226
      313-465-7576; 313-465-7577 – (facsimile)
      Co-Counsel for Plaintiff
      steger@honigman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of March, 2007, a true copy of the foregoing **Plaintiff's Responsive Motion to Defendant Aon Risk Service, Inc. of Pennsylvania's Motion to Strike Plaintiff's Expert Report and Associated Brief** has been furnished by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record to:

John R. Trentacosta, Esq.
Jenice C. Mitchell, Esq.
Mark A. Aiello, Esq.
John P. Kuriakuz, Esq.
Foley & Lardner
500 Woodward Ave., Ste. 2700
Detroit, MI 48226

By:   /s/ Anthony J. Abate
      Anthony J. Abate
      Florida Bar No. 289558
      Daniel J. DeLeo
      Florida Bar No. 014268

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALBRIDGE ALDINGER COMPANY, a
Michigan corporation,

        Plaintiff,

vs.

        Case No. 2:06cv11161
        Hon. Robert H. Cleland

AON RISK SERVICES, INC. OF
PENNSYLVANIA, a/k/a AON RISK
SERVICES OF PA, a Pennsylvania
Corporation,

        Magistrate Judge Donald A. Scheer

        Defendant.

---

Stuart H. Teger (P31674)
HONIGMAN MILLER SCHWARTZ & COHN
660 Woodward Avenue, Suite 2290
Detroit, Michigan 48226
(313) 465-7576
Counsel for Plaintiff

John R. Trentacosta (P31856)
Mark A. Aiello (P43012)
Jenice C. Mitchell (P61511)
John P. Kuriakuz (P69654)
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
(313) 234-7100
Counsel for Defendant

Anthony J. Abate
Daniel J. DeLeo
ABEL BAND, CHARTERED
240 South Pineapple Avenue
Post Office Box 49948
Sarasota, Florida 34230
(941) 366-6660
Co-Counsel for Plaintiff

---

### PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT AON RISK SERVICE INC. OF PENNSYLVANIA'S MOTION TO STRIKE PLAINTIFF'S EXPERT REPORT

## **ISSUES PRESENTED**

1. Whether Plaintiff Walbridge Aldinger Company's Expert Report as submitted by Mr. Brian E. Downey is:

    a) relevant insomuch as it is tied to key issues of fact and would benefit the trier of fact;

    b) sufficiently reliable so as to be admissible pursuant to Fed. R. of Ev. 702; and

    c) subject to be stricken insomuch as it fails to disclose the amount Brian E. Downey was paid for preparing his Expert Report.

## CONTROLLING AND RELEVANT AUTHORITY

FED. R. EV. 702

FED. R. CIV. P. 26

FED R. CIV. P. 37

*Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 150 (1999)

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)

*Jahn v. Equine Services, PSC,* 233 F.3d 382, 388 (6th Cir. 2000)

*Nemir v. Mitsubishi Motor Sales of America, Inc.*, 6 Fed.Appx. 266, 270 (6th Cir. 2000)

*U.S. v. Jones,* 107 F.3d 1147, 1151 (6th Cir. 1997)

*Walker v. Soo Line R. Co.,* 208 F.3d 581, 586-587 (7th Cir. 2000)

*Smith v. Ford Motor Co.,* 215 F.3d 713, 717 (7th Cir. 2000).

*Tyus v. Urban Search Mgmt.,* 102 F.3d 256, 263 (7th Cir.1996)

*Kieffer v. Weston Land, Inc.,* 90 F.3d 1496, 1499 (10th Cir.1996).

*Century Indemnity Co. v. Aero-Motive Co.,* 254 F.Supp.2d 670, 677 (W.D.Mich. 2003)

*Flanagan v. Altria Group, Inc.,* 423 F.Supp.2d 697, 700 (E.D.Mich. 2005)

*Employers Reinsurance Corp. v. Mid-Continent Cas. Co.*, 202 F.Supp.2d 1212, 1215 (D. Kan. 2002)

*Chapple v. State of Ala.,* 174 F.R.D. 698, 700 (M.D.Ala. 1997)

*In re Technology For Energy Corp.*, 140 B.R. 214 (Bkrtcy E.D. Tenn. 1992)

## ARGUMENT

Plaintiff Walbridge Aldinger Company ("Walbridge") files this Brief in Opposition to Defendant Aon Risk Service Inc. of Pennsylvania's ("Aon") Motion to Strike ("Motion to Strike") and supporting Brief ("Aon Brief"), and in support thereof, states as follows:

Aon argues in support of its Motion to Strike that Walbridge's Expert Witness Report ("Expert Report") as provided by Walbridge's expert witness Mr. Brian E. Downey ("Mr. Downey") should be stricken because (i) it is irrelevant; (ii) it does not provide requisite analysis or rationale underpinning the opinions expressed therein; and (iii) it violates Federal Rule of Civil Procedure 37(c)(1) insomuch as the report fails to disclose requisite information. For the reasons addressed *infra*, Aon's Motion to Strike should be denied.

### Standard for Admission of Expert Testimony

Federal Rule of Evidence 702 permits expert opinion evidence on the basis of "specialized knowledge," as long as it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Rule 702 makes clear that an expert witness may offer "scientific, technical, or other specialized knowledge," and may be qualified "by knowledge, skill, experience, training, or education." *Id.* Indeed, as the Federal Court for the Western District of Michigan has recognized, "experience alone may be sufficient to qualify a witness to give expert testimony." *Century Indemnity Co. v. Aero-Motive Co.,* 254 F.Supp.2d 670, 677 (W.D.Mich. 2003); *see also Flanagan v. Altria Group, Inc.,* 423 F.Supp.2d 697, 700 (E.D.Mich. 2005).

Moreover, this Court has broad discretion in deciding whether to admit expert testimony. *See Kieffer v. Weston Land, Inc.,* 90 F.3d 1496, 1499 (10th Cir.1996). "In so doing, the Court

examines specific subject areas of proposed expert testimony to ascertain whether each is sufficiently tied to the facts of the case so that it will be helpful to the fact finder. Any doubts should be resolved in favor of admissibility." *Employers Reinsurance Corp. v. Mid-Continent Cas. Co.*, 202 F.Supp.2d 1212, 1215 (D. Kan. 2002) (citations omitted).

### A. The Expert Report is Highly Relevant and Necessary to the Central Issues of the Suit

Aon begins its argument by contending that the Expert Report is irrelevant "to the central issues at play in this lawsuit and falls within the jury's knowledge or experience." [Aon Brief, pp.5] To carry its burden, Walbridge need only establish that the Expert Report is tied to the facts of the case such that it would benefit the trier of fact. *Id.*

Aon contends that the issues "at play in this lawsuit are: (i) whether the parties' agreement precluded Aon from providing Walbridge with an unconditional bond; and (ii) if Walbridge..." would have been exposed to damages even if Aon had produced the conditional payment bond requested. [Aon Brief, pp. 5] These are not, however, the issues that are framed by the pleadings in this action. The central issues in this lawsuit are (i) whether Aon improperly issued to Walbridge an unconditional surety bond as opposed to a conditional surety bond [Walbridge Complaint]; (ii) the duty of Aon to provide the bond requested [Walbridge Complaint paragraph 8, Aon Answer paragraph 10, Aon Affirmative Defenses paragraph 4]; and (iii) the custom and usage in the industry [Aon Affirmative Defenses paragraphs 4 and 5]. The Expert Report precisely speaks directly to these issues, addressing (i) the propriety of issuing an unconditional bond as opposed to a conditional bond; (ii) the obligations of the surety to issue a proper bond; and (iii) the damages such an issuance would cause to Walbridge. To the extent that Aon disputes that the Expert Report is tied to the central issue of the case, this Court should rule in favor of its admissibility. *Employers Reinsurance Corp.*, 202 F.Supp.2d at 1215.

Indeed, it is well accepted for experts to testify as to the propriety of issuing a surety bond. *See e.g. In re Technology For Energy Corp.*, 140 B.R. 214 (Bkrtcy E.D. Tenn. 1992). This would be appropriate insomuch as the proper issuance and duties relative to construction surety bonds is not something which would be within the average trier of fact's knowledge and experience.

Contrary to Aon's contention, the average finder of fact has likely never been involved in procuring a surety bond and is not likely capable of looking at a surety bond and properly interpreting whether it is conditional or unconditional. The relationship between the contractor and the surety broker is a special and unique relationship. The respective duties and obligations of the parties and the special expertise and reliance placed upon the broker are central and critical to an understanding of this matter. This understanding is, of necessity, based in part on custom and practice in the industry. Moreover, an average juror could not address within his common knowledge and experience the propriety of issuing one bond over another, the ramifications of such an action, or the duties a surety issuer has relative to its client. To that end, it is necessary that an expert speak to such issues. As such, the Expert Report is not within the average trier of fact's common knowledge and experience and should be admitted. To the extent that there is doubt as to whether an expert opinion would assist the trier of fact, the doubt should be resolved in favor of admissibility. *Employers Reinsurance Corp.*, 202 F.Supp.2d at 1215.

Moreover, not only is the Expert Report tied to the facts of the case, it is central to rebutting several of the Affirmative Defenses posed by Aon inasmuch as those defenses purport to (i) bar Walbridge's claims based on Walbridge's own negligence; (ii) transfer liability for damages from Aon to others or to Walbridge; (iii) disclaim a duty of care owed by Aon to

875020v.4

6

Walbridge; and (iv) disclaim liability based on industry custom insomuch as Walbridge did not revoke acceptance within a reasonable time. *See* Aon Answer and Affirmative Defenses.

To the extent that Aon takes the position that the Expert Report does not address issues relevant to the instant proceedings, at the very least these issues are now at issue given the Affirmative Defenses posited by Aon. Indeed, the Expert Report specifically addresses and rebuts these defenses insomuch as it provides that Aon did not follow Walbridge's instructions regarding the issuance of the surety bond, that Aon violated its duty of care to Walbridge, and that Walbridge incurred damages as a direct result of Aon's negligence. *See* Expert Report. To that end, the Expert Report is highly relevant to the instant proceedings and will benefit the trier of fact in reaching conclusions as to the issues and defenses of the case.

### B.   The Bases on Which the Expert Report is Founded Wholly Supports its Admission Pursuant to Federal Rule of Evidence 702

Aon next argues that the Expert Report should be stricken because it fails to provide the basis, reasons for or rationale supporting Mr. Downey's opinion. [Aon Memo, pp.7] To buttress this argument, Aon contends that the rule of law is that an expert's testimony should be stricken when the principles and methodologies underlying the expert's testimony are not disclosed. *Id.* at 6. Aon's conclusions are both factually and legally inapposite.

Rule 702 mandates that expert testimony must satisfy the following standard:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Ev. 702. Ostensibly, Aon is attempting to argue that the Expert Report is unreliable because it does not properly describe the bases upon which the Expert Report is couched.

An expert's reliability depends upon both the qualifications of the expert and the methodology used by that expert. *Nemir v. Mitsubishi Motor Sales of America, Inc.*, 6 Fed.Appx. 266, 270 (6th Cir. 2000) ("decisions of the Supreme Court, indicate that the district court must carefully review the qualifications and methodology employed by the proposed expert witness."); *see also Smith v. Ford Motor Co.*, 215 F.3d 713, 717 (7th Cir. 2000). Practical experience and training may serve as proper bases of expertise. Fed. R. Ev. 702 (stating that a witness can be qualified as an expert through "knowledge, skill, experience, training, or education."); *U.S. v. Jones*, 107 F.3d 1147, 1151 (6th Cir. 1997); *Century Indemnity Co.*, 254 F.Supp.2d at 677 ("experience alone may be sufficient to qualify a witness to give expert testimony."); *Tyus v. Urban Search Mgmt.*, 102 F.3d 256, 263 (7th Cir.1996) (concluding that "genuine expertise may be based on experience or training").

Here, Mr. Downey is more than qualified to present his opinion as expressed in the Expert Report. As is clearly noted therein, Mr. Downey has more than 33 years of experience in the surety industry. He has spent 7 of those 33 years acting as a surety broker servicing all of the surety needs of his clients worldwide. He has worked in both the private and public sectors. He holds a law degree from Villanova University. In view of Mr. Downey's extensive experience and education, he more than satisfies Rule 702's qualification requirement.

Rule 702 further requires that expert testimony be premised upon sufficient facts or data, be the product of reliable principles and methods, and result from the reliable application of such principles and methods to the facts of the case. Fed. R. Evid. 702. When considering if the methodology employed by the expert is reliable, "the district court should not consider the

'factual underpinnings' of the testimony but should determine whether '[i]t was appropriate for [the expert] to rely on the test that he administered and upon the sources of information which he employed.'" *Smith,* 215 F.3d at 718 (quoting *Walker v. Soo Line R. Co.,* 208 F.3d 581, 586-587 (7th Cir. 2000)).

Here, the Expert Report submitted by Mr. Downey satisfies the requisite reliability standards of Rule 702. To that end, Mr. Downey reviewed several documents from a variety of sources, including the following: Bond Request Form of Walbridge to Aon; Payment Bond of Travelers Casualty and Surety Company; Florida Statutes §§ 713.245 and 713.23; court documents filed by the parties; Subcontract of Allen Concrete and Masonry, Inc.; Subcontract Cement Industries Inc.; Subcontract of John J. Kirlin, Inc.; and the Subcontract of Morgan Electric Co.

The range of information Mr. Downey consulted in formulating his opinions constitutes "sufficient facts or data" under Rule 702 for his Expert Report to satisfy the requisite reliability concerns that Rule 702 set out to alleviate. Furthermore, his opinions and conclusions stem from his 33 years of experience in the surety industry. While in some cases the methodology will need to be scientifically tested, in others "the relevant reliability concerns may focus upon personal knowledge or experience." *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 150 (1999). This is critical insomuch as each of the cases cited by Aon in its Brief address either (1) methodology lending itself to scientific testing, or (2) the qualifications of the expert witness to testify as to the issue presented.

For example, in *Berry v. City of Detroit,* [Aon Brief, 7], the expert was disqualified because he lacked the proper qualifications to offer expert testimony on the underlying issue. *Berry v. City of Detroit,* 25 F.3d 1342, 1348 (6th Cir. 1994) ("As we view the record, [the expert]

did not have the qualifications to testify as an expert on this question"). In *Nelson v. Tennesee Gas Pipeline Co.*, two experts were called to testify about the health impacts associated with a natural gas pipeline. They offered their opinions in a paper entitled *Visual and Neurobehavioral Impairment Associated with Polychlorinated Biphenyls (PCBs) From a Natural Gas Pipeline. Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 248 (6th Cir. 2001). Unlike here, *Nelson* squarely addressed methodology needing to be scientifically tested. Finally, Aon relies on *Mike's Train House* in support of its position that Mr. Downey's Expert Report need be scientifically tested. However there, unlike here, the expert offered testimony clearly lending itself to scientific testing insomuch as the expert offered testimony as to why it was mathematically probable that one manufacturer had copied drawings from another manufacturer based on acceptable tolerances for design variances as applied to dimension and measurement variances between the drawings. *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 406 (6th Cir. 2006). As to these conclusions, the Sixth Circuit held that such methodologies were subject to scientific testing. However, nothing in any of the cases relied on by Aon contradicts *Kumho*'s holding that Rule 702's reliability concerns may be satisfied by personal knowledge or experience for certain types of expert testimony.

Here, Mr. Downey's Expert Report is offered as specialized knowledge as specifically allowed by Rule 702. Its reliability is based on Mr. Downey's qualifications and experiences. This is wholly acceptable and well within the auspices of Rule 702, *Daubert,* and *Kumho*. However, Aon ignores *Kumho*'s admonition "there are many different kinds of experts, and many different kinds of expertise" and instead attempts to couch all expert testimony as subject to scientific testing. *Id.;* Aon Brief at 7. To that end, it is this Court's obligation "to make certain that an expert, whether basing testimony upon professional studies or personal

experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152; *see also Jahn v. Equine Services, PSC*, 233 F.3d 382, 388 (6th Cir. 2000) ("Testimony meets this threshold when 'an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice in the relevant field.'" (quoting *Kumho*, 526 U.S. at 152.))

Here, Mr. Downey's opinions are based on a reliable application of his principles and methods to the facts of this case. These opinions are underpinned by Mr. Downey's personal knowledge and experience, as clearly set forth in his Expert Report. Moreover, as addressed *supra*, his opinions will benefit the trier of fact insomuch as they are relevant to the issues of the case and are not within the average trier of fact's common knowledge or experience. To that end, his Expert Report is wholly relevant and reliable and should be admitted.

### C. Aon has not Set Forth an Adequate Basis for Striking the Expert Report

Aon finally argues to this Court that the Expert Report should be stricken because "[t]he Report does not disclose information as required by Fed. R. Civ. P. 26." [Aon Memo, pp. 9]. Aon alleges that the Expert Report does not contain the basis and reasons supporting Mr. Downey's opinion. *Id.* However, even a cursory reading of the Expert Report clearly details otherwise.

In the Expert Report, Mr. Downey clearly points out that his opinions are based on his review of the relevant documents and his professional experience in the surety industry. [Expert Report, 3] These admissions more than satisfy Rule 26's requirement that the expert reveal the basis and reasons for his opinion.

To the extent that any other requisite information was unintentionally omitted from the Expert Report, such information has in no manner prejudiced Aon insomuch as Aon has had ample opportunity to depose Mr. Downey, having spent approximately five hours deposing Mr. Downey and extensively questioning him about all aspects of his engagement, his background and expertise, and his opinion. Moreover, such minor omissions would not subject the Expert Report to be stricken. *Chapple v. State of Ala.*, 174 F.R.D. 698, 700 (M.D.Ala. 1997) ("The defendants complain about the fact that [the expert] has not explicitly stated how much he is charging the plaintiff for his work in the *Chapple* case. The defendants are entitled to this information and the court will order the information produced. That omission would not be a ground for an order precluding [the expert's] testimony.").

For the reasons outlined above, Plaintiff would request that this Court deny the motion of Aon to strike the expert report.

Date: March 8, 2007          Respectfully submitted,

By: __/s/ Anthony J. Abate__
    Anthony J. Abate
    Florida Bar No. 289558
    aabate@abelband.com
    Daniel J. DeLeo
    Florida Bar no. 014268
    ddeleo@abelband.com
    ABEL BAND, CHARTERED
    240 South Pineapple Avenue
    Sarasota, Florida 34236
    941-366-6660; 941-366-3999 - (facsimile)
    Co-Counsel for Plaintiff
        *and*
    Stuart H. Teger (P31674)
    Honigman Miller Schwartz & Cohn
    660 Woodward Avenue, Suite 2290
    Detroit, Michigan 48226
    313-465-7576; 313-465-7577 – (facsimile)
    Co-Counsel for Plaintiff
    steger@honigman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of March, 2007, a true copy of the foregoing **Plaintiff's Brief in Opposition to Defendant Aon Risk Services, Inc.'s Motion to Strike Expert Report** has been furnished by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record to:

John R. Trentacosta, Esq.
Jenice C. Mitchell, Esq.
Mark A. Aiello, Esq.
John P. Kuriakuz, Esq.
Foley & Lardner
500 Woodward Ave., Ste. 2700
Detroit, MI 48226

By: /s/ Anthony J. Abate
Anthony J. Abate
Florida Bar No. 289558
Daniel J. DeLeo
Florida Bar No. 014268