UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALBRIDGE ALDINGER COMPANY, a
Michigan corporation,

        Plaintiff,

vs.

AON RISK SERVICES, INC. OF
PENNSYLVANIA, a/k/a AON RISK
SERVICES OF PA, a Pennsylvania
Corporation,

        Defendant.

Case No. 2:06cv11161
Hon. Robert H. Cleland

Magistrate Judge Donald A. Scheer

---

Stuart H. Teger (P31674)
HONIGMAN MILLER SCHWARTZ & COHN
660 Woodward Avenue, Suite 2290
Detroit, Michigan 48226
(313) 465-7576
Counsel for Plaintiff

Anthony J. Abate
Daniel J. DeLeo
ABEL BAND, CHARTERED
240 South Pineapple Avenue
Post Office Box 49948
Sarasota, Florida 34230
(941) 366-6660
Co-Counsel for Plaintiff

John R. Trentacosta (P31856)
Mark A. Aiello (P43012)
Jenice C. Mitchell (P61511)
John P. Kuriakuz (P69654)
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
(313) 234-7100
Counsel for Defendant

---

**PLAINTIFF'S SUR-REPLY BRIEF TO DEFENDANT AON RISK SERVICE INC. OF PENNSYLVANIA'S MOTION TO STRIKE PLAINTIFF'S EXPERT REPORT**

Plaintiff Walbridge Aldinger Company ("Walbridge") files this Sur-Reply Brief to Defendant Aon Risk Services, Inc. of Pennsylvania's Motion to Strike Plaintiff's Expert Report and states as follows:

Aon begins its reply by wrongly asserting that Brian Downey, Walbridge's expert, offers only one opinion in his expert report. [Aon Reply, 1.] However, even a cursory review of Mr. Downey's report shows the fallacy of this statement. At page 1 of the report, Mr. Downey states:

> The form of bond supplied was not in compliance with that form requested by Walbridge (a conditional bond was requested by Walbridge). As a consequence such actions exposed Walbridge to substantial liability for payments and claims demanded by subcontractors and suppliers. Such exposure was otherwise avoidable had the proper bond requested by Walbridge been executed and supplied. [Expert Report, 1.]

Even a myopic reading of this paragraph suggests three opinions addressing: (i) causation; (ii) damages, and (iii) avoidance of liability. Having couched its entire argument on the untenable position that the Expert Report expresses but a "sole opinion", [Aon Reply, 1] Aon argues that the Expert Report is irrelevant and inadmissible. Tellingly, Aon ignores Walbridge's Response Brief[1], and instead takes the new position in its Reply that the Expert Report cannot, and does not, address contract claims. This position is flawed for several reasons.

First, experts should be permitted to testify as to industry standards insomuch as they help the trier of fact determine the parties' obligations under the contract. It is well settled that in every contract there is an implied duty to perform skillfully, carefully, diligently, and in a workmanlike manner. *National Fire Ins. Co. v. Roofmaster Const., Inc.*, 2005 WL 1030326, 9

---

[1] In its initial brief, Aon argues that the Expert Report is irrelevant because it "falls within the jury's knowledge or experience." [Aon's Brief in Support of Motion to Strike, 5.] Walbridge responded to this argument in depth in its Response Brief. [Walbridge Response, 6.] Rather than reply to Walbridge's arguments, Aon now takes an alternative position that the opinions do not address contract claims. Insomuch as Aon has abandoned its prior position, Walbridge urges the court to deem Aon's earlier arguments moot.

879361v.1

(E.D.Mich. 2005) ("Plaintiff correctly notes that a party contracting to provide services has an implied 'duty to perform [the contract] skillfully, carefully, diligently, and in a workmanlike manner.'") Walbridge's Expert Report squarely addresses whether Aon performed its implied contractual duties and is thus relevant to Walbridge's contractual claims.

Second, as clearly noted in Walbridge's Response Brief, Mr. Downey's opinion on this matter is central to rebutting several of the Affirmative Defenses posed by Aon. While Aon has now moved to Amend its Affirmative Defenses, the Affirmative Defense that Aon had no duty of care has not been abandoned insomuch as it still appears on the face of Aon's proposed amended pleadings. Aon's removal of original Affirmative Defense 4 (No Duty of Care) has no impact on its ability to still plead such a defense insomuch as the defense appears on the face of both the original and Amended Answer. *See* Original Answer, ¶ 16, Amended Answer, ¶ 30. To that end, it remains an affirmative defense appearing on the face of the pleadings and, contrary to Aon's representations to this Court, has not truly been withdrawn. *Pierce v. Oakland County*, 652 F.2d 671, 672 (6th Cir. 1981) ("an affirmative defense is not waived, even though not specifically pleaded, where the defense clearly appears on the face of the pleading ").

Because the Expert Report is central to assisting the trier of fact to understand key issues in this case, including the obligations and duties of the contractual parties, and because the Report is further relevant to Affirmative Defenses pled by Aon, it is wholly relevant to this case and should not be dismissed.

Aon next argues that the Expert Report is but a veiled legal opinion. [Aon Reply, 5.] In support of this position, Aon relies heavily on the deposition testimony of Mr. Downey. During that deposition, counsel for Aon asked a series of questions calling for a legal conclusion. These questions were met by Walbridge's objections. Incredibly, Aon now asserts that because Mr.

879361v.1

Downey responded to these inadmissible questions asking for legal conclusions, *Mr. Downey* has improperly given a legal opinion and his report should be stricken for such testimony. Such a position would be akin to pushing someone from a moving car and holding them liable for jaywalking. Simply stated, Aon's requesting of legal conclusion from Mr. Downey does not belay the fact that the report itself speaks to the obligations the parties had to each other.[2] As such, to the extent that the Expert Report addresses whether Aon properly performed its contractual duties, it is not a veiled legal opinion, but a properly admitted expert opinion squarely addressing Aon's performance.

Moreover, in support of its argument, Aon asks this court to adopt the absurd conclusion that generally accepted standards of due care do not apply to the performance of contractual obligations. *See* Aon Reply ". . . even if 'surety generally accepted industry standards of due care' applied to the performance of contractual obligations, which they do not . . ." Aon's position, of course, would require this Court to disregard the well established principle of contract law which holds that in every contract there is an implied duty to perform skillfully, carefully, diligently, and in a workmanlike manner. *National Fire Ins. Co.*, 2005 WL 1030326 at 9. Nevertheless, Aon continues down this road of argument going so far as to incorporate into its argument deposition testimony given at other trials even though such testimony is wholly irrelevant to the instant proceedings.[3] Moreover, the facts underpinning each of those cases were substantially different from the instant case and there is nothing in the record which supports the

---

[2] It is also noteworthy that Aon has wholly ignored Walbridge's argument that it is well accepted for experts to testify as to the propriety of issuing a surety bond. [Walbridge Response, 6] (citing *In re Technology For Energy Corp.*, 140 B.R. 214 (Bkrtcy E.D. Tenn. 1992))]. Instead, Aon sidesteps Walbridge's arguments grasping at alternative theories to support its untenable position.

[3] The admission of deposition testimony given at other trials is hearsay and is inadmissible former testimony under Rule 804(b)(1). Fed. R. Ev. 804(b)(1). In no manner is Walbridge a successor in interest so as to allow the admission of such testimony. *Dykes v. Raymark Industries, Inc.*, 801 F.2d 810, 815 (6th Cir. 1986). Aon's attempts to undermine the Rules of Evidence here and have this Court consider irrelevant and inadmissible evidence should meet with this court's harsh scrutiny.

879361v.1

conclusions propounded by Aon.[4]  Thus, this Court should not consider for purposes of this motion to strike the decisions of other courts in wholly irrelevant circumstances to which Walbridge was neither a party nor successor in interest.

Finally, Aon argues that the Expert Report should be stricken because it is not supported by a credible source.  Aon misconstrues basic caselaw in support of its position.  As Walbridge's Response Brief, and applicable caselaw, makes clear, an expert may be qualified to testify based on his experience alone.  [Walbridge Response, 8.]  Contrary to Aon's assertions, it is not necessary for Mr. Downey to perfectly define industry standards [Aon Reply, 15.] for this court to admit his testimony.  *Friendship Heights Associates v. Vlastimil Koubek, A.I.A.*, 785 F.2d 1154, 1162 (4th Cir. 1986) ("the failure to define or explain the appropriate standard of care in a satisfactory manner is relevant to the witness' credibility as an expert, not the witness' qualifications to testify. If a witness qualifies on any of the grounds listed in Rule 702, he should be allowed to testify as an expert. Should the witness later fail to adequately define or describe the relevant standard of care . . . [t]he trier of fact may then choose to discount the testimony.")  Mr. Downey's experience and education alone suffice to allow him to express his opinions here.

For the reasons outlined above, Plaintiff would request that this Court deny the motion of Aon to strike the expert report.

---

[4] To the extent that this court does consider other cases in which Mr. Downey has testified and on which Aon relies, Walbridge would note that Aon mischaracterizes those opinions. For instance, Aon states that the court in *Mid-State Surety Corp. v. East Bethlehem Township Municipal Auth* prohibited Mr. Downey from rendering an opinion regarding surety industry standards of due care. [Aon Reply, 13.] In fact, the court there stated that Mr. Downey's testimony as to surety industry standards would be relevant and admissible "if the competency of the contractor is brought into question . . . " [Aon's attached Ex. E, at 31.]

879361v.1

Date:  March 29, 2007          Respectfully submitted,

By:  /s/ Daniel J. DeLeo
Anthony J. Abate
Florida Bar No. 289558
aabate@abelband.com
Daniel J. DeLeo
Florida Bar no. 014268
ddeleo@abelband.com
ABEL BAND, CHARTERED
240 South Pineapple Avenue
Sarasota, Florida 34236
941-366-6660; 941-366-3999 - (facsimile)
Co-Counsel for Plaintiff
  *and*
Stuart H. Teger (P31674)
Honigman Miller Schwartz & Cohn
660 Woodward Avenue, Suite 2290
Detroit, Michigan 48226
313-465-7576; 313-465-7577 – (facsimile)
Co-Counsel for Plaintiff
steger@honigman.com

879361v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of March, 2007, a true copy of the foregoing **Plaintiff's Sur-Reply Brief to Defendant Aon Risk Services, Inc.'s Motion to Strike Expert Report** has been furnished by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record to:

John R. Trentacosta, Esq.
Jenice C. Mitchell, Esq.
Mark A. Aiello, Esq.
John P. Kuriakuz, Esq.
Foley & Lardner LLP
500 Woodward Ave., Ste. 2700
Detroit, MI 48226

By: /s/ Daniel J. DeLeo
Anthony J. Abate
Florida Bar No. 289558
Daniel J. DeLeo
Florida Bar No. 014268

879361v.1