**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WALBRIDGE ALDINGER COMPANY,

      Plaintiff,

v.                                          Case No. 06-CV-11161-DT

AON RISK SERVICES, INC. OF
PENNSYLVANIA,

      Defendant.
                                            /

**OPINION AND ORDER GRANTING "DEFENDANT AON RISK SERVICES, INC. OF PENNSYLVANIA'S MOTION TO STRIKE PLAINTIFF'S EXPERT REPORT"**

Pending before the court is "Defendant Aon Risk Services, Inc. of Pennsylvania's ["Aon's"] Motion to Strike Plaintiff's Expert Report." The court has reviewed the briefing in this matter[1] and received argument on the motion during an April 4, 2007 hearing. For the reasons stated below, the court will grant the motion.

**I. BACKGROUND**

The following facts are uncontested. Plaintiff Walbridge Aldinger Company ("Walbridge") requested, in writing, that Aon, a surety broker, procure a conditional payment bond for Walbridge's Florida construction project (the "Project"). Aon then presented Walbridge with a written contract for an unconditional payment bond, which Walbridge signed. After the owner of the Project failed to pay Walbridge for its work, numerous subcontractors and suppliers asserted claims against Walbridge for the work

---

[1]The extensive briefing in this matter includes Defendant's motion, Plaintiff's response, Defendant's reply, Plaintiff's sur-reply and Plaintiff's supplemental memorandum as requested by the court.

that they performed. Walbridge alleges that it faces liability from its subcontractors and suppliers because the payment bond was an unconditional, rather than a conditional bond. Walbridge claims to have paid its subcontractors and suppliers over three million dollars to date.

Walbridge initiated the above-captioned matter in this court on March 17, 2006. In its complaint, Walbridge asserts a breach of contract claim against Aon for failure to provide a conditional bond as requested. On February 23, 2007, Aon filed the instant motion seeking to strike Walbridge's expert report by Mr. Brian Downey because the report is allegedly irrelevant and unreliable.

## II. STANDARD

### A. Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26 requires that an expert report contain:

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B). Where a party "fails to disclose information required by Rule 26(a)," that party "shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). Minor omissions, however, do not support striking an expert's report. *See Chapple v. State of Alabama*, 174 F.R.D. 698, 700 (M.D. Ala. 1997) (Although the expert "has not explicitly stated how much he is charging the

plaintiff for his work . . . [t]hat omission would not be a ground for an order precluding [the expert's] testimony.").

### B.  Federal Rule of Evidence 702

Federal Rule of Evidence 702 provides that:

If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* the Supreme Court held that, when faced with a proffer of expert scientific testimony, the trial judge is assigned "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. 579, 580 (1993).  This ruling was later interpreted by the Court to apply to all expert testimony, not only scientific testimony.  *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).

The party proffering the expert bears the burden of persuading the trial court that the expert has specialized knowledge that will aid the fact finder in understanding the evidence or determining a fact at issue.  *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001) (citing *Daubert*, 509 U.S. at 592 n. 10).  The trial court has wide discretion when determining whether to admit or exclude opinion testimony. *United States v. Paris*, 243 F.3d 286, 288 (6th Cir. 2001).

Further, expert testimony on ultimate issues for the trier of fact is not *per se* inadmissible, but the court has latitude to restrict testimony that is not helpful to jurors. Fed. R. Evid. 704; *United State v. Sheffey*, 57 F.3d 1419, 1425 (6th Cir. 1995); *Shahid*

*v. City of Detroit*, 889 F.2d 1543, 1547-48 (6th Cir. 1989) (exclusion of expert testimony is not proper if expert's opinion on the ultimate issue amounts to a "legal conclusion"). Expert opinions should not be admitted if they merely tell the jury what result to reach. *Woods v. Lecureux,* 110 F.3d 1215, 1220 (6th Cir.1997) ("It is, therefore, apparent that testimony offering nothing more than a legal conclusion--i.e, testimony that does little more than tell the jury what result to reach--is properly excludable under the Rules.").

### III.  DISCUSSION

Defendant first argues that Mr. Downey's testimony is irrelevant because it relates to Defendant's alleged breach of a duty of care when the only issue in this case is a breach of contract claim.  (Def.'s Reply at 3-4 (citing Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.")).)  Plaintiff contends that Mr. Downey's testimony is relevant in that it speaks to the implied contractual duty to "perform skillfully, carefully, diligently, and in a workmanlike manner."  (Pl.'s Sur-Reply at 4.)

Even if relevant, the court agrees that Mr. Downey's testimony will not assist the trier of fact to understand the evidence or to determine a fact in issue.  *Nelson*, 243 F.3d at 251 (citing *Daubert*, 509 U.S. at 592 n. 10).  Mr. Downey's report merely recites uncontested facts (that Plaintiff requested a conditional bond and Defendant provided an unconditional bond), and then concludes that Defendant "failed to perform its obligations in accordance with generally accepted surety industry standards of due care . . . ."  (Downey Report at 3, Def.'s Ex. A.)  Mr. Downey's extensive deposition testimony similarly fails to include the bases and, more significantly, the reasons for his conclusions or the manner in which he arrived at those conclusions.  Furthermore, Mr. Downey's unsupported conclusion that Defendant violated an implied contractual duty of

4

care is a legal conclusion, and therefore problematic.  *See Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985) ("The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury.  This invades the province of the court to determine the applicable law and instruct the jury as to that law.").

Further, Mr. Downey's testimony is not "the product of reliable principles and methods," as required by Federal Rule of Evidence 702, and does not include "the basis and reasons" supporting its conclusion as required by Federal Rule of Civil Procedure 26(a)(2)(B).  Plaintiff contends that the expert report is reliable because, (a)  Mr. Downey is an expert, (b) he consulted a number of documents filed by the parties and (c) has 33 years of experience in the surety industry.  The court disagrees.  Federal Rule of Evidence 702 requires that the testimony be given by an expert, rely on "sufficient facts or data," *and* be "the product of reliable principles and methods."  Plaintiff unavailingly presents the expert's qualifications (comprising both points (a) and (c) noted above) and that he relies on record facts in its attempt to satisfy the independent requirement that the report must be "the product of reliable principles and methods."  Fed. R. Evid. 702.  Even in Plaintiff's supplemental briefing, Plaintiff provides no basis for Mr. Downey's "opinion regarding generally accepted surety industry standards" other than Mr. Downey's "personal experience."  (Def.'s Supp. Br. at 4 (citing Downey Dep. at 97, 99-100, Def.'s Ex. B).)  Mr. Downey does not reveal what the relevant "surety industry standards" consist of, nor does he detail any principles, methods or comparative cases that he utilized in forming his opinion.  His qualifications and lengthy service in the industry alone cannot satisfy this requirement.  To allow mere

5

years of experience to substitute for an actual reasoned explanation would be to permit an opinion to be supported by not much more than "because I said so." Accordingly, the court finds that Mr. Downey's proposed testimony fails to meet the requirements of Federal Rule of Evidence 702 and Federal Rule of Civil Procedure 26(a)(2)(B), and should be excluded on that basis.

Finally, Defendant argues that Mr. Downey's testimony should be excluded under Federal Rule of Civil Procedure 26 because he misrepresents his qualifications[2] and does not identify the compensation he is to be paid by Walbridge for his testimony. (Def.'s Mot. at 11-12; Def.'s Reply at 16-18.) That there are components of Mr. Downey's résumé that are–or appear to be–misleading is unfortunate, as is his failure to disclose the compensation he is to receive from Walbridge as required by Rule 26. These omissions and inaccurate representations provide a secondary basis for the court to exclude Mr. Downey's proposed testimony.

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's "Motion to Strike Plaintiff's Expert Report" [Dkt. # 22] is GRANTED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

---

[2] Mr. Downey's résumé claims that he "published" articles in *Forbes* and *Engineering News Record* when it appears that these articles were instead authored by others and merely quoted Mr. Downey. (Downey Résumé, Def.'s Ex. A; Downey Dep. at 53-55, Def.'s Ex. B.) Furthermore, Mr. Downey's résumé lists one of his titles as "Surety Claims Attorney," whereas although he did graduate with a law degree, he failed to pass the bar and is not licensed to practice law. (Downey Résumé, Def.'s Ex. A; Downey Dep. at 59, Def.'s Ex. B.)

Dated: April 25, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 25, 2007, by electronic and/or ordinary mail.

                                              s/Lisa G. Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522